## KATE RICHTER v. J. A. BEAUMONT, EXECUTOR.

1. EJECTMENT. *Death of plaintiff. Suit by executor without revivor.*

   In ejectment, where the death of plaintiff is not suggested in the record, and there is no showing that his will authorizes his executor to maintain ejectment, and no order reviving in his name, it is error to proceed to judgment in the name of such executor.

2. SAME. *Death of defendant. Revivor substituting defendant.*

   On suggestion of the death of defendant in ejectment, it is error to ignore his children and heirs, and revive the action against his widow alone; and especially is this true when she protests against the revivor, and shows that she does not claim under her husband, but holds the land adversely, and did so at the commencement of suit.

FROM the circuit court of Wilkinson county.

HON. W. P. CASSEDY, Judge.

For the report of this case on a former appeal, see *Richter* v. *Beaumont*, 67 Miss., 285. The action was ejectment, brought by Mrs. B. Beaumont against George Richter. The defendant appeared and pleaded the general issue. The record recites that, at the July term, 1893, the death of defend-

ant was suggested, and it was ordered that the case be re-vived against the executor, but it seems evident that this order had reference to the death of the plaintiff.

On June 27, 1893, a summons was issued for Kate Richter, "as the legal representative" of the defendant, George Rich-ter. This summons recited that the cause had been revived against said Kate Richter. On service of the summons, she appeared and filed an affidavit, averring that she was the widow of the defendant, George Richter, deceased; that he left as his heirs, besides affiant, certain children, whose names were given. The affidavit also alleged that, at and before the institution of the suit, the land in controversy was not the property of George Richter, but that of affiant, who was in possession of the same, and had been for years, claiming ad-versely to all persons. An order was entered overruling her motion to quash the summons. Thereupon, she pleaded the general issue.

It seems that after the institution of the suit, the plaintiff also died, and from and after the July term, 1893, the style of the case, as appears by the record, was J. A. Beaumont, executor of the will of B. Beaumont, against Kate Richter. But it does not appear that any formal order was entered re-viving the case in the name of said executor of plaintiff. All that appears as to this is that plaintiff, over the objection of defendant, introduced in evidence the will of Mrs. B. Beau-mont, and it was admitted that J. A. Beaumont had qualified as executor of said will.

There was a trial, resulting in a judgment that the said J. A. Beaumont, executor, do recover from the defendant, Kate Richter, the possession of the land in controversy. Motion for new trial overruled. Defendant appeals. The opinion contains such further statement of the case as is necessary to an understanding of the questions decided.

*A. G. Shannon*, for appellant.

1. The statute providing for a revivor against the heirs of

a deceased defendant in ejectment does not authorize the substitution of a new defendant who claims title adversely. Here the children and heirs of the defendant, who were the proper parties defendant, were ignored, and the widow, who claimed the land and had possession, was made a defendant against her protest. This was error.

2. The will of B. Beaumont conferred no right upon her executor to maintain ejectment. *Myrick* v. *McRaven*, 54 Miss., 11.

*D. C. Bramlett*, for appellee.

WOODS, J., delivered the opinion of the court.

The death of appellee's testatrix was never suggested, so far as the record discloses the steps taken below, nor was her executor ever made party by any revivor or other order of court. Whether he could properly maintain the suit under the will of Mrs. B. Beaumont (which we find in the transcript), was an important preliminary question, which seems never to have been presented at all. Ordinarily, the executor has no authority to bring ejectment; and if that power was supposed to have been conferred by the will of Mrs. Beaumont, the question should have been raised by an application for revivor in the name of the personal representative instead of that of the heir.

But still more erroneous was the so-called revivor, on suggestion of plaintiff below, against the appellant as heir of the original defendant. It perfectly appears that appellant was not his heir, nor asserting title under him. She was in possession, and asserting an independent, adverse title in herself. The heirs of the deceased defendant were not made parties, under the order of revivor, but the attempt was undertaken to make a new defendant altogether. There was no revivor or amendment, but an unwarranted effort to carry on a pending suit by substituting a new party as defendant. If the appellee wishes to test the strength of appellant's

title, he must do so by an action instituted against her.    He began by assailing the title of George Richter and ends with a judgment overthrowing that of Kate Richter, a person holding independently of, and adversely to, all the world, and not derivatively or otherwise from the original defendant.

*Reversed and remanded.*